**In re: Mastin J. ROTH, Alleged Incompetent,**

v.

**Raymond R. ROBERTS, Clinton B. Roberts, Geoffrey L. Pratte, d/b/a Roberts & Roberts, Appellants.**

**No. 47415.**

Missouri Court of Appeals, Eastern District, Southern Division.

June 19, 1984.

Terry R. Rottler, Ste. Genevieve, for appellants.

Mark Levison, St. Louis, for alleged incompetent.

DOWD, Chief Judge.

Appeal from an order of the Probate Division of Ste. Genevieve County imposing sanctions on appellants the law firm of Roberts & Roberts.

Appellants represented Mastin J. Roth in competency proceedings initiated by his son, the respondent herein William Roth. On April 3, 1981, respondent filed a motion for sanctions against the alleged incompetent's attorneys for failure to answer interrogatories. Mastin J. Roth was adjudicated incompetent on December 1, 1981, and on May 17, 1983, the trial court entered an order directing appellants to pay $1,830.00 to respondent's counsel as attorneys fees.[1] Appellants now contend that (1) the trial court lacked jurisdiction to enter the order in question and (2) that the court exceeded its jurisdiction in imposing monetary sanctions since the rules of civil procedure do not provide for such sanctions for failure to answer interrogatories.

We agree that the trial court improperly imposed monetary sanctions on appellants, and for this reason the judgment must be reversed. Unlike Rule 37(a)(4) of the Federal Rules of Civil Procedure which specifically provides for the assessment of monetary sanctions against either a party or their attorney, Rule 61.01(b)(1) V.A.M.R. is only directed at deficiencies in discovery attributable to a party. As such, the trial court had no authority to impose sanctions directed against the incompetent's counsel. In light of our decision above, we need not discuss appellants' remaining arguments, and the judgment is reversed.

REINHARD and CRIST, JJ., concur.

1. Our review of the record reveals no actual hearing or ruling on said motion although respondent maintains it was heard and sustained on April 4, 1981, during a hearing for sanctions for failure to appeal for a physical examination.